**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                         No. 16-CV-00756-JCH-GBW
                                                        No. 05-CR-00471-JCH

JUAN CALLES,

    Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on Defendant Juan Calle's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody [CV Doc. 1; CR Doc. 563] and Motion for Appointment of Counsel [CV Doc. 2; CR Doc. 564].   In his § 2255 motion, Defendant seeks sentencing relief in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii).   Because Defendant's sentence was not enhanced under the ACCA or the United States Sentencing Guidelines (U.S.S.G.) for a crime of violence, Defendant's § 2255 motion will be dismissed, his motion for appointment of counsel will be denied as moot, a certificate of appealability will be denied, and judgment will be entered.

Pursuant to a plea agreement, Defendant pleaded guilty to counts 2, 7, 9, 11, and 15 of the Superseding Indictment, which charged Defendant with: (2) conspiracy to distribute 50 grams and

more of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; (7) distribution of 50 grams and more of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A); (9) distribution of 50 grams and more of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A); (11) possession with intent to distribute 5 grams and more of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(B); and (15) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 924(g)(1).  [CR Docs. 136, 342, 343, 377, 379]  In the plea agreement, the parties "stipulate[d] and agree[d] pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., that the sentence of imprisonment shall be for a term of 360 months (30 years), which shall run concurrent with the term of imprisonment to be imposed in *State of New Mexico v. Juan Calles*, D-202-CR-200504335 ("*State v. Calles*")."  [Doc. 342 at 4]

To determine Defendant's offense level, the Presentence Investigation Report (PSR) grouped Defendant's convictions together under U.S.S.G. § 3D1.2(d) (providing that certain offenses should be grouped together "[w]hen the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of the substance involves, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature").  The PSR calculated Defendant's base offense level as 43 pursuant to U.S.S.G. § 2D1.1(d)(1), because "a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had killing taken place within the territorial or maritime jurisdiction of the United States."  [PSR at 28]  The PSR added two points to the base offense level under U.S.S.G. § 3A1.3 because "a victim was physically restrained in the course of the offense," and subtracted three points under U.S.S.G. § 3E1.1 because Defendant had "demonstrated an acceptance of responsibility for the offense of conviction," resulting in a total offense level of 42.  [PSR at 28-29]  Defendant's

2

criminal history placed him in category IV of the U.S.S.G., resulting in a guidelines range of 360 months to life imprisonment. [PSR at 29-32, 41]

On December 3, 2007, the Court accepted the plea agreement, adopted the findings in the PSR, and sentenced Defendant to 360 months of imprisonment in the custody of the Bureau of Prisons on Counts 2, 7, 9, and 11 of the Superseding Indictment and 120 months of imprisonment on Count 15 of the Superseding Indictment, said terms to run concurrently with each other, for a total term of imprisonment of 360 months. [CR Doc. 377, 379] Defendant's sentence was imposed "concurrently to the sentence imposed in the *State of New Mexico v. Calles* D-202-CR-2005-4335, as long as that sentence is 45 years imprisonment." [CR Doc. 379] Judgment was entered on Defendant's conviction and sentence on December 7, 2007. [CR Doc. 379]

On June 30, 2016, Defendant, proceeding *pro se*, filed the present 2255 motion, which seeks to invalidate the enhancement of his sentence under the U.S.S.G. in light of *Johnson*. In *Johnson*, the Supreme Court considered whether the residual clause of the ACCA violates the due process clause of the United States Constitution. In general, the maximum term of imprisonment for a defendant convicted of being a felon in possession of a firearm is ten years. *See* 18 U.S.C. § 924(a)(2). "But if the violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life." *Johnson*, 135 S.Ct. at 2555 (quoting § 924(e)(1)). The ACCA defines a "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another, or

3

> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*

§ 924(e)(2)(B) (emphasis added). The Court held that the residual clause of § 924(e)(2)(B)(ii), which is the italicized portion excerpted above, "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id.* at 2563. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the United States Supreme Court held that *Johnson's* invalidation of the residual clause in § 924(e)(2)(B)(ii) applies retroactively to cases on collateral review.

In the present case, Defendant's sentence was not enhanced under the residual clause of § 924(e)(2)(B)(ii)—Defendant was sentenced to the maximum term of ten-years imprisonment under § 924(a)(2). [CR Doc. 379] Nonetheless, Defendant contends that his sentence unlawfully was enhanced for a "crime of violence" under U.S.S.G. 2K2.1(a)(2) in light of *Johnson*. *See* U.S.S.G. 2K2.1(a)(2) (providing for a base offense level of 24 for the offense of being a felon in possession of firearms or ammunition "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."); *see also United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015) (holding on direct appeal that the residual clause definition of a "crime of violence" under U.S.S.G. § 4B1.2(a)(2) is void for vagueness after *Johnson*). Assuming, without deciding, that *Johnson* applies retroactively on collateral review to the U.S.S.G.,[1] the Court

---

[1] The United States Court of Appeals for the Tenth Circuit has not yet determined whether *Johnson* applies retroactively on collateral review to the residual clause definition of a "crime of violence" in the U.S.S.G. However, that question currently is pending before the United States Supreme Court in *Beckles v. United States*, No. 15-8544 (cert. granted June 27, 2016).

4

concludes that Defendant is not entitled to relief under § 2255 because his sentence was not enhanced for a "crime of violence" under U.S.S.G. 2K2.1(a)(2) or any other provision of the U.S.S.G. Rather, as explained above, Defendant's total offense level was calculated under U.S.S.G. §§ 2D1.1(d)(1) (victim killed under circumstances that would constitute murder under 18 U.S.C. § 1111), 3A1.3 (Restraint of Victim), and 3E1.1 (Acceptance of Responsibility). Because it plainly appears that Defendant is not entitled to relief, Defendant's § 2255 motion will be dismissed with prejudice and his Motion For Appointment of Counsel will be denied as moot.

Additionally, the Court determines, under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, that Defendant has failed to make a substantial showing that he has been denied a constitutional right as required by 28 U.S.C. § 2253(c)(2). Accordingly, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody [CV Doc. 1; CR Doc. 563] is DISMISSED with prejudice;

IT IS FURTHER ORDERED that Defendant's Motion for Appointment of Counsel [CV Doc. 2; CR Doc. 564] is DENIED as moot;

IT IS FURTHER ORDERED that a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT COURT JUDGE