**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**                                                        **No. CR. 05-471 JCH**

**JUAN CALLES,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
APPOINTMENT OF COUNSEL**

This matter is before the Court on Defendant Juan Calles's *Motion for Appointment of Counsel* (Dkt. No. 582), filed on July 15, 2025. Defendant Calles, a federal inmate, "believes he qualifies for a sentence adjustment due to Amendment 821" and requests the appointment of counsel to litigate this issue. Def.'s Mot. 2, Dkt. No. 582. The Federal Public Defender filed a *Notice of Sentence Reduction Eligibility Review Under Guidelines Amendment 821* (Dkt. No. 584) and informed the Court it will not file a motion requesting a sentence reduction for Defendant Calles. The United States filed a response (Dkt. No. 585) opposing the motion. Defendant Calles requested an extension of time to file a reply (Dkt. No. 586), which this Court granted, allowing Defendant to file a reply by December 20, 2025. *See* Order, Dkt. No. 587. Defendant Calles, however, did not file a reply, and the deadline has long since passed. Having considered the motion, the response, the Presentence Report ("PSR"), the evidence, the law, and otherwise being fully advised, the Court concludes that Defendant's sentence should not be reduce and will deny his motion for appointment of counsel.

### FACTUAL BACKGROUND

Defendant Calles pled guilty to five counts: conspiracy to violate 21 U.S.C. § 841(b)(1)(A) in violation of 21 U.S.C. § 846 (Count 2), distribution of 50 grams and more of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A) (Count 7), distribution of 50 grams and more of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A) (Count 9), possession with intent to distribute 5 grams and more of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(B) (Count 11), and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 15). *See* Judgment 1-2, Dkt. No. 379. According to the Presentence Investigation Report ("PSR"), the 2007 edition of the guideline manual was used to calculate Defendant's guideline range. PSR ¶ 96. Defendant's base offense level was 43; two points were added for restraint of a victim; and three points were removed for acceptance of responsibility, resulting in a total offense level of 42. *See* PSR ¶¶ 97-104. Based on Defendant's adult criminal convictions, he received 6 criminal history points. *See* PSR ¶¶ 106-112. Two criminal history points were added under U.S.S.G. § 4A1.1(d) because he committed the offense while under a criminal justice sentence. PSR ¶ 113. Defendant received an additional criminal point under § 4A1.1(e) because the offense was committed less than two years after his release from custody. PSR ¶ 114. With 9 total criminal history points, he had a criminal history category of IV. PSR ¶ 115.

The guideline provisions for a total offense level of 42 and criminal history category of IV called for a guideline imprisonment range of 360 months to Life. PSR ¶ 144. Defendant pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement that stipulated the appropriate sentence in the case as 360 months, to run concurrent with his sentence in a state case. PSR ¶ 145; Plea Agreement ¶ 7, Dkt. No. 342. On December 3, 2007, the Court sentenced Defendant Calles to 360 months imprisonment as to each of Counts 2, 7, 9, and 11, and 120 months as to Count 15, to run

concurrently for a total of 360 months. *See* Judgment 3, Dkt. No. 379; Clerk's Minutes, Dkt. No. 377.

## APPLICABLE LAW

A district court does not have inherent authority to modify a previously imposed sentence except in a few very limited circumstances. *United States v. Mannie*, 971 F.3d 1145, 1148 (10th Cir. 2020); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). As relevant here, a court may modify a sentence when expressly permitted by statute. *Mannie*, 971 F.3d at 1148. Under 18 U.S.C. § 3582(c)(2), a sentence may be reduced "'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to § 994(u)." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(c)(2)). However, ameliorative amendments to the Guidelines do not create a right to a sentence reduction. *United States v. Osborn*, 679 F.3d 1193, 1196 (10th Cir. 2012). Instead, courts have discretion whether to reduce a sentence. *Id.*

Courts follow a two-step inquiry. *United States v. Green*, 886 F.3d 1300, 1306 (10th Cir. 2018) (citing *Dillon*, 560 U.S. at 826-27). First, a court determines if a defendant is eligible for a sentence reduction, consistent with applicable policy statements issued by the Sentencing Commission in § 1B1.10. *See Dillon*, 560 U.S. at 824-26; *Green*, 886 F.3d at 1306. Second, a court considers whether the reduction is warranted under the factors set forth in § 3553(a) to the extent they are applicable. *See Dillon*, 560 U.S. at 824-26; *Green*, 886 F.3d at 1306-07.

The Sentencing Commission amended the United States Sentencing Guidelines ("the Guidelines") effective November 1, 2023. *See* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023). Prior to November 1, 2023, the Guidelines

assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sent'g Guidelines § 4A1.1(d) (pre-amendment). In Part A of Amendment 821, the Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two. *See* U.S. Sent'g Guidelines § 4A1.1(e); 88 Fed. Reg. 28254-01 at 28270-73. For a defendant with six or fewer criminal history points, the Court may reduce the status points to zero. *United States v. Ortiz*, No. CR 14-1967 RB, 2024 WL 4119500, at *2 (D.N.M. Sept. 9, 2024) (citing § 4A1.1(e)). The Commission determined that the above changes may apply retroactively. 88 Fed. Reg. 28254-01 at 28254.

## **ANALYSIS**

Amendment 821 applies to the calculation of Defendant Calles's guideline range because two criminal history points were added under U.S.S.G. § 4A1.1(d) because he committed the offense while under a criminal justice sentence. PSR ¶ 113. "In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). "In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.*

Here, a change in criminal history category would have no effect on his sentence. With a total offense level of 42, all criminal history categories result in the same guideline range: 360-

life. *See* Guidelines Manual, Sentencing Table (Nov. 1, 2007).[1] "Courts generally may not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range produced by the substitution." *Dillon*, 560 U.S. at 827 (internal quotations omitted); *United States v. Lindsey*, 556 F.3d 238, 246 (4th Cir. 2009) (concluding that, even though Amendment 706 reduced defendant's offense level to 39, because it did not lower his sentencing range, which remained 360 months to life imprisonment, defendant was not eligible for relief under § 3582(c)(2)); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008) (explaining that defendant was not entitled to sentence reduction because the amendment did not have the effect of lowering his applicable guideline range); U.S.S.G. § 1B1.10(b)(2)(B) ("Exclusions.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if…(B) An amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."). Accordingly, Defendant is not eligible for a sentence reduction and the appointment of counsel would not assist him.

IT IS THEREFORE ORDERED that Defendant Juan Calles's *Motion for Appointment of Counsel* (**Dkt. No. 582**) is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] The United States points out that the additional point added under § 4A1.1(e) based on the offense having been committed less than two years after his release from custody, PSR ¶ 114, was eliminated in Amendment 742, which was effective November 1, 2010, but was not retroactive. Resp. 3 n.1, Dkt. No. 585. The Government nevertheless calculated Defendant's new criminal history category under the current guidelines, resulting in a total of 6 criminal history points and a category of III. *Id.* at 3. The Court need not consider whether Amendment 742 should apply, because even assuming that his total was 6 and not 7 criminal history points, the same guideline range results.